**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---

In re                                                                    Case No. 17-46195

    SADNA BHUPSINGH

                  Debtor

---

**AFFIRMATION IN SUPPORT OF MOTION TO ENFORCE AND PUNISH FOR VIOLATION OF AUTOMATIC STAY**

---

**Vivian M. Williams, Esq.,** an attorney duly admitted to in the Eastern District of New York, affirms and states as follows:

1. I am the attorney for Debtor in the above-entitled matter.

2. This affirmation is submitted in support of Debtor's motion to enforce the automatic stay which came into effect upon the filing of Debtor's petition for relief on 11/22/2017 and to punish BAWA Real Estate and Management and its attorney for its violation.

3. The issue presented by this application is whether the continuation of a proceeding in a state court to recover a pre-petition debt from the Debtor should come to an immediate halt once notice of a bankruptcy filing in which an automatic stay came into effect, is given and whether the scheduling of a trial

after the automatic stay came into effect is a violation of the automatic stay. Debtor submits that the foregoing should be answered in the affirmative.

4. The facts are set forth in Debtor's motion and therefore, are NOT recited in detail here. Nevertheless, it should be emphasized that after notice was given that the automatic stay came into force and effect, BAWA and its attorney continued a hearing in state court for several minutes. Upon information and belief, the hearing continued for more than half an hour.

5. Instead of acknowledging and complying with the automatic stay, BAWA and its attorney took up the posture of challenging and opposing the existence and applicability of the stay to the said proceedings. Debtor's counsel therefore, was forced to spend more than half an hour trying to prove the existence, enforceability and applicability of the stay to the proceeding in progress. This was after notice was provided, inclusive of the bankruptcy case number.

6. Even after Debtor's counsel fought for almost an hour to have the automatic stay honored and applied in the state court action, the trial was subsequently adjourned to 12/14/2017 instead of being marked off the calendar during the pendency of the bankruptcy and while the automatic stay remains in force and effect.

7. This application is made necessary as a result of BAWA's insistence in proceeding with litigation in this matter despite the existence of a bankruptcy stay and pattern of violation of the automatic in other related bankruptcies.

8. In light of the lengthy proceeding that took place after Notice of the bankruptcy and the automatic stay was given and the further calendaring of a trial in this

matter, the intervention of this court and the relief requested in the motion are made necessary.

9. It is well settled that the filing of the bankruptcy petition brings into effect an automatic stay. It arises by operation of law on the filing of a voluntary or involuntary petition. Further, a petition is deemed filed when placed in the custody of the clerk of the bankruptcy court.

10. In the instant case the petition was placed in the custody of the Clerk of the court on 11/22/2017 at 11:30am. Thus, the automatic stay came into effect on 11/22/2017 at about 11:30am.

11. The only instance where the automatic stay does NOT come in effect upon the filing of the petition is where Debtor filed two or more petitions within the 12 month period preceding the filing of the Petition. Since this is the first bankruptcy petition filed by Sadna Bhupsingh, the automatic stay came into effect at the time of filing.

12. ALL prepetition claims and litigation must cease forthwith. This include, ALL hearings, conferences, trials, pleadings and even the calendaring of future appearances is prohibited while a bankruptcy stay is in effect. The law requires, pending motions, hearings, conferences, trials, inter alia, be marked off the calendar. This did NOT occur in the case of the BAWA v BHUPSINGH matter.

13. As Plaintiff, BAWA was under an obligation to affirmatively request that the court marked the matter off the calendar rather than adjourning the matter or scheduling a trial while the automatic stay is in force and effect.

14. Further, as the Plaintiff, BAWA was under a duty to affirmative request that proceedings in the matter cease forthwith. If it had questions about the automatic say it could at minimum request a second call, and take affirmative steps such as contacting the bankruptcy court to clarify or resolve any issue it might have had rather than oppose and contesting the force, effect and applicability of the automatic stay and have proceedings continued for a protracted period after notice of the stay was provided. The very challenge or questioning of an automatic is an affront to it.

15. Plaintiff in this case however, persisted with litigation over the objection of Defendant and despite Defendants' assertion that the action is stayed by operation of law.

16. Instead of complying with its obligation and exercise caution NOT to violate the automatic stay, BAWA and its counsel exhibited a cavalier attitude toward the automatic and the preemption of state law and proceedings in this matter.

17. In light of the trend of similar behavior by BAWA and the state court's failure to mark the matter off the calendar, if unchecked by this court it may give rise to a precedent and a trend that opens the flood gates for harassment of debtors in state courts by overzealous creditors in state courts.

**THERE WAS WILLFUL VIOLATION OF THE AUTOMATIC**

18. There is a willful violation of the stay in this case because proceedings were NOT ceased forthwith after Notice of Debtor's bankruptcy and the automatic stay was provided. BAWA's challenge to the Debtor's assertion that the state court

proceeding was stayed is a brazen affront to the automatic stay that is evidence of willfulness.

19. In-action on the part of a plaintiff to affirmatively request that proceedings be forthwith halted when provided notice of a bankruptcy filing, also constitutes willful and egregious violation of the automatic stay. A Plaintiff that is aware of an automatic stay cannot simply sit back without making a request to a court that it has instituted proceedings against a debtor to recover a pre-petition claim, to stop the litigation forthwith.

20. The calendaring of a trial or hearing in state court while an automatic is in effect creates severe physiological and financial strain on a Debtor. It forces the Debtor to continue to utilize the services of a state court attorney who may NOT always be same as bankruptcy counsel and even if the state court attorney is the same bankruptcy counsel, it is a different attorney/client relationship that is premised on a pre-petition agreement. The essential point is, that as long a state court attorney remains actively engaged, legal fees will be incurred. The debtor, therefore would be incurring substantial legal fees and cost pertaining to a pre-petition claim.

21. It is NOT sufficient to merely adjourn the matter repeated during the pendency of the bankruptcy. Counsel in the state court matter would be under an obligation to prepare for each adjourned hearing and appearance.

22. The Debtor will be exposed to continuous anxiety as to what will occur in the state court matter during the period that an automatic stay is in effect. This kind of behavior is significantly worst that a creditor making collection calls or sending notices to a debtor while the automatic stay is in effect.

23. It is also unfear for counsel in the state court matter, since the continued calendaring of the matter creates uncertainty as to how counsel in the state court matter would be compensated pursuant to a pre-petition agreement for work relating to pre-petition claim. It is therefore, important that complete hold be placed on ALL state court proceeding so that any pre-petition attorney/client relation for state court representation could also be paused while an automatic stay remains in effect.

24. State court counsel cannot be expected to provide services amidst uncertainty as to the services to be provided and compensation for services provided.

25. The standard for what constitutes a willful violation of the stay is well established to mean acting with knowledge of the stay. Specific intent to violate the stay is NOT required. Not even a good faith mistake of law or a legitimate dispute as to legal rights relieves a willful violator of the consequences of his act. Thus, the 2nd Circuit has stated that a creditor acts willfully if it (1) has knowledge of the petition, and (2) the act which violates the stay was intentional.

26. 11 U.S.C. 362. (h) provides for an individual injured by any willful violation of a stay shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

27. In this case, Debtor has suffered actual damages and should recover costs and attorney's fees. Punitive damages is also appropriate willfulness of the violation and the pattern of violation of the automatic stay by BAWA and its attorney(s).

28. There has been NO PRIOR APPLICATION for the relief requested herein.

WHEREFORE, it is respectfully requested that the court grants the relief requested in the motion.

Dated:    New York, NY

        December 4, 2017

                                          /s/ Vivian Williams

                                          _____

                                          Vivian M. Williams, Esq.
                                          Attorney for Defendants
                                          733 3rd Avenue, 16th Floor
                                          New York, NY 10017
                                          (212) 561-5312