**LaMonica Herbst & Maniscalco, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
(516) 826-6500
Jordan Pilevsky, Esq.

*Proposed Counsel to the Plaintiff*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                              Chapter 7

SADNA BHUPSINGH,                                    Case No: 17-46195 (ESS)

                      Debtor.
-------------------------------------------------------------x
GREGORY MESSER, ESQ., as Trustee of the
bankruptcy estate Sadna Bhupsingh,                  Adv. Pro. No. 19-_____ (ESS)

                      Plaintiff,

    -against-

18115 MIDLAND PARKWAY LLC,
                                                    **COMPLAINT**
                      Defendant.
-------------------------------------------------------------x

Plaintiff Gregory Messer, Esq., as Chapter 7 Trustee (the "Plaintiff" or "Trustee") of the bankruptcy estate of Sadna Bhupsingh (the "Debtor"), by his proposed counsel, LaMonica Herbst & Maniscalco, LLP, as and for his Complaint against defendant 18115 Midland Parkway LLC (the "Defendant"), states and alleges as follows:

**Jurisdiction and Venue**

1.     This adversary proceeding (the "Adversary Proceeding") is brought pursuant to 11 U.S.C. §§ 105, 323, 541, 542, 544, 548 and 550, New York State Debtor and Creditor Law § 272, et. seq., the New York common law, and Rules 6009 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the general equitable powers of the Bankruptcy Court, to avoid and recover a fraudulent transfer of Debtor's interest in the real

1

property located at, and known as, 181-15 Midland Parkway, Jamaica, New York 11432, designated block 7244, lot 83 (the "Real Property").

2. Since this action arises under the pending chapter 7 bankruptcy case of the Debtor, this Court has jurisdiction over this action under 28 U.S.C. §§ 157 and 1334 and Bankruptcy Rules 6009 and 7001.

3. This action is a core proceeding under 28 U.S.C. § 157(b)(2)(A),(E),(H), (N) and (O).

4. Under 28 U.S.C. § 1409(a), this Court is the proper venue for this proceeding.

## The Parties

5. Upon information and belief, the Defendant is a New York State domestic limited liability company.

6. Plaintiff is the Chapter 7 Trustee of the Debtor's bankruptcy estate.

7. Plaintiff is authorized to file this Adversary Proceeding pursuant to 11 U.S.C. § 323 and Bankruptcy Rule 6009.

## Allegations Applicable to All Claims for Relief

A. **Procedural Background**

8. On November 22, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court").

9. By Notice of Appointment, Plaintiff was appointed the Trustee of the Debtor's estate and has since duly qualified, by operation of law, as the permanent Trustee in this case.

**B.    The Real Property**

10.    The Real Property is a single family home.

11.    By deed dated January 30, 2006, and recorded on April 25, 2006, the Debtor purchased the Real Property for the sum of $1,250,000.

12.    By deed dated July 20, 2017, and recorded on December 28, 2017 (the "Transfer Deed"), the Debtor transferred the Real Property to the Defendant (the "Transfer").

13.    Pursuant to the Form RP-5217NYC recorded with the Transfer Deed, the purchaser price for the Transfer was $150,000.

14.    Pursuant to the Form RP-5217NYC recorded with the Transfer Deed, the Transfer was a "Sale Between Relatives or Former Relatives".

15.    Upon information and belief, the Debtor received less than fair consideration or reasonably equivalent value in exchange for the Transfer.

16.    Upon information and belief, the Debtor was insolvent at the time of, or was rendered insolvent due to, the Transfer.

17.    Upon information and belief, at the time of the Transfer, the Debtor had creditors holding general unsecured claims against him who continued to exist as of the Petition Date.

18.    Upon information and belief, the present fair market value of the Real Property is approximately $1,600,000.

19.    Upon information and belief, there are no mortgages secured against the Real Property.

20.    Upon information and belief, there are tax liens against the Real Property in excess of $250,000.

21.    Upon information and belief, the Debtor does not reside at the Real Property.

22. A sale of the Real Property would be beneficial to the creditors of the Debtor's bankruptcy estate.

**FIRST CLAIM FOR RELIEF**
(Fraudulent Conveyance Pursuant to 11 U.S.C. § 548(a)(1)(A))
(Incorporating All Previous Allegations)

23. The Transfer was made within two (2) years of the Petition Date.

24. Upon information and belief, the Transfer was made with the actual intent to hinder, delay, or defraud the Debtor's creditors.

25. The Debtor received less than reasonably equivalent value in exchange for the Transfer.

26. By reason of the foregoing, pursuant to Sections 548(a)(1)(A), 550 and 551 of the Bankruptcy Code, the Plaintiff is entitled to the entry of an order and judgment against the Defendant: (a) avoiding and setting aside the Transfer as a fraudulent conveyance; (b) directing the County Clerk or the City Register to record the Order of this Court and strike the Transfer Deed from public record; or (c) granting a money judgment against the Defendant, in an amount as yet undetermined, but in no event less than $1,500,000, plus appropriate interest thereon.

**SECOND CLAIM FOR RELIEF**
(Fraudulent Conveyance Pursuant to 11 U.S.C. § 548(a)(1)(B))
(Incorporating All Previous Allegations)

27. The Transfer was made within two (2) years of the Petition Date.

28. The Debtor received less than reasonably equivalent value in exchange for the Transfer.

29. Upon information and belief, the Debtor (a) was insolvent on the date that the Transfer was made or became insolvent as a result of the Transfer, (b) was engaged in business or a transaction, or was about to engage in a business or a transaction, for which any property

remaining with him was unreasonably small capital, or (c) intended to incur, or believed that he would incur, debts that would be beyond his ability to pay as they matured.

30. By reason of the foregoing, pursuant to Sections 548(a)(1)(B), 550 and 551 of the Bankruptcy Code, the Plaintiff is entitled to the entry of an order and judgment against the Defendant: (a) avoiding and setting aside the Transfer as a fraudulent conveyance; (b) directing the County Clerk or the City Register to record the Order of this Court and strike the Transfer Deed from public record; or (c) granting a money judgment against the Defendant, in an amount as yet undetermined, but in no event less than $1,500,000, plus appropriate interest thereon.

### THIRD CLAIM FOR RELIEF
(Fraudulent Conveyance Pursuant to New York State Law)
(Incorporating All Previous Allegations)

31. The Transfer took place during the six (6) years preceding the Petition Date.

32. The Defendant was the initial transferee of the Transfer.

33. The Transfer was made to or for the benefit of the Defendant.

34. Upon information and belief, at the time of the Transfer, the Debtor was insolvent or was rendered insolvent as a result of the Transfer.

35. The Transfer was made to the Defendant without fair consideration.

36. The Transfer constitutes a fraudulent conveyance pursuant to New York Debtor and Creditor Law § 273.

37. By reason of the foregoing, pursuant to Section 544 of the Bankruptcy Code, the Plaintiff is entitled to a judgment against the Defendant: (a) avoiding the Transfer pursuant to New York Debtor and Creditor Law § 273; and (b) directing the County Clerk or the City Register to record the Order of this Court and strike the Transfer Deed from public record; or (c)

pursuant to Bankruptcy Code Sections 550 and 551, recovering from the Defendant an amount as yet undetermined, but in no event less than $1,500,000, plus appropriate interest thereon.

### FOURTH CLAIM FOR RELIEF
(Fraudulent Conveyance Pursuant to New York State Law)
(Incorporating All Previous Allegations)

38. The Debtor did not receive fair consideration for the Transfer.

39. Upon information and belief, at the time of the Transfer, the Debtor was engaged or was about to engage in a business or transaction for which the property remaining in his possession after the Transfer constituted an unreasonably small capital.

40. The Transfer constitutes a fraudulent conveyance pursuant to New York Debtor and Creditor Law § 274.

41. By reason of the foregoing, pursuant to Section 544 of the Bankruptcy Code, the Plaintiff is entitled to a judgment against the Defendant: (a) avoiding the Transfer pursuant to New York Debtor and Creditor Law § 274; and (b) directing the County Clerk or the City Register to record the Order of this Court and strike the Transfer Deed from public record; or (c) pursuant to Bankruptcy Code Sections 550 and 551, recovering from the Defendant an amount as yet undetermined, but in no event less than $1,500,000, plus appropriate interest thereon.

### FIFTH CLAIM FOR RELIEF
(Fraudulent Conveyance Pursuant to New York State Law)
(Incorporating All Previous Allegations)

42. The Debtor did not receive fair consideration for the Transfer.

43. Upon information and belief, at the time of the Transfer, the Debtor incurred, was intending to incur or believed that he would incur debts beyond his ability to pay them as they became due.

44. The Transfer constitutes a fraudulent conveyance of the Debtor's property pursuant to New York Debtor and Creditor Law § 275.

45. By reason of the foregoing, pursuant to Section 544 of the Bankruptcy Code, the Plaintiff is entitled to a judgment against the Defendant: (a) avoiding the Transfer pursuant to New York Debtor and Creditor Law § 275; and (b) directing the County Clerk or the City Register to record the Order of this Court and strike the Transfer Deed from public record; or (c) pursuant to Bankruptcy Code Sections 550 and 551, recovering from the Defendant an amount as yet undetermined, but in no event less than $1,500,000, plus appropriate interest thereon.

## SIXTH CLAIM FOR RELIEF
(Fraudulent Conveyance Pursuant to New York State Law)
(Incorporating all Previous Allegations)

46. The Transfer was made with the actual intent to hinder, delay, or defraud present or future creditors of the estate.

47. The Transfer constitutes a fraudulent conveyance of the Debtor's property pursuant to New York Debtor and Creditor Law § 276.

48. By reason of the foregoing, pursuant to Section 544 of the Bankruptcy Code, the Plaintiff is entitled to a judgment against the Defendant: (a) avoiding the Transfer pursuant to New York Debtor and Creditor Law § 276; and (b) directing the County Clerk or the City Register to record the Order of this Court and strike the Transfer Deed from public record; or (c) pursuant to Bankruptcy Code Sections 550 and 551, recovering from the Defendant an amount as yet undetermined, but in no event less than $1,500,000, plus appropriate interest thereon.

**SEVENTH CLAIM FOR RELIEF**
(Fraudulent Conveyance Pursuant to New York State Law)
(Incorporating all Previous Allegations)

49. The Transfer constitutes a fraudulent conveyance of the Debtor's assets in violation of New York State Debtor and Creditor Law § 276.

50. By reason of the foregoing, pursuant to Section 544 of the Bankruptcy Code, the Plaintiff is entitled to a judgment against the Defendant, pursuant to New York State Debtor and Creditor Law § 276-a, for reasonable attorneys' fees in an amount to be determined by the Court in connection with the prosecution of this Adversary Proceeding.

**EIGHTH CLAIM FOR RELIEF**
(Unjust Enrichment)
(Incorporating all Previous Allegations)

51. The Transfer was an impermissible transfer of the Debtor's property.

52. The Defendant was the ultimate beneficiary of the Transfer.

53. The Debtor did not receive reasonably equivalent value or fair consideration for the Transfer.

54. Permitting the Defendant to retain the Transfer would unjustly enrich the Defendant to the determinant of the creditors of the Debtor's estate.

55. As a consequence of the Transfer and failure of the Defendant to provide reasonably equivalent value or fair consideration to the Debtor for the Transfer, the Defendant has been unjustly enriched and may not in equity retain the Transfer.

56. By reason of the foregoing, the Defendant is liable for unjust enrichment and the Plaintiff is entitled to recover from the Defendant a judgment for the value of the Transfer, in an amount as yet undetermined, but in no less than $1,500,000, plus appropriate interest thereon.

### **NINTH CLAIM FOR RELIEF**
(Property of the Estate)
(Incorporating all Previous Allegations)

57.     The Transfer was made to or for the benefit of the Defendant.

58.     Upon information and belief, the Defendant failed to render adequate consideration to the Debtor for the Transfer.

59.     Upon information and belief, the Defendant has not returned the Transfer or its value to the estate.

60.     The Transfer made to the Defendant is property of the Debtor's estate.

61.     The Transfer would have remained an asset of the bankruptcy estate had the Transfer not occurred.

62.     The Debtor had a legal and equitable interest in the Real Property and the equity existing in the Real Property at the time of the Transfer.

63.     The Debtor's legal and equitable interest in the Real Property and the equity existing in the Real Property at the time of the Transfer is property of the estate.

64.     By reason of the foregoing, the Plaintiff is entitled to the entry of a judgment, under Sections 541 and 542 of the Bankruptcy Code, against the Defendant:  (a) directing the Defendant to immediately turn over the Transfer, in an amount as yet undetermined, but in no event less than $1,500,000, plus appropriate interest thereon; or (b) granting a money judgment against the Defendant, in an amount as yet undetermined, but in no event less than $1,000,000, plus appropriate interest thereon.

**WHEREFORE**, the Plaintiff demands judgment on his claims for relief against the Defendant as follows:

1. On the first claim for relief, pursuant to Sections 548(a)(1)(A), 550 and 551 of the Bankruptcy Code: (a) avoiding and setting aside the Transfer as a fraudulent conveyance; (b) directing the County Clerk or the City Register to record the Order of this Court and strike the Transfer Deed from public record; or (c) granting a money judgment against the Defendant, in an amount as yet undetermined, but in no event less than $1,500,000, plus appropriate interest thereon;

2. On the second claim for relief, pursuant to Sections 548(a)(1)(B), 550 and 551 of the Bankruptcy Code: (a) avoiding and setting aside the Transfer as a fraudulent conveyance; (b) directing the County Clerk or the City Register to record the Order of this Court and strike the Transfer Deed from public record; or (c) granting a money judgment against the Defendant, in an amount as yet undetermined, but in no event less than $1,500,000, plus appropriate interest thereon;

3. On the third claim for relief, pursuant to Section 544 of the Bankruptcy Code: (a) avoiding the Transfer pursuant to New York Debtor and Creditor Law § 273; and (b) directing the County Clerk or the City Register to record the Order of this Court and strike the Transfer Deed from public record; or (c) pursuant to Bankruptcy Code Sections 550 and 551, recovering from the Defendant an amount as yet undetermined, but in no event less than $1,500,000, plus appropriate interest thereon;

4. On the fourth claim for relief, pursuant to Section 544 of the Bankruptcy Code: (a) avoiding the Transfer pursuant to New York Debtor and Creditor Law § 274; and (b) directing the County Clerk or the City Register to record the Order of this Court and strike the Transfer Deed from public record; or (c) pursuant to Bankruptcy Code Sections 550 and 551, recovering from the Defendant an amount as yet undetermined, but in no event less than $1,500,000, plus appropriate interest thereon;

5. On the fifth claim for relief, pursuant to Section 544 of the Bankruptcy Code: (a) avoiding the Transfer pursuant to New York Debtor and Creditor Law § 275; and (b) directing the County Clerk or the City Register to record the Order of this Court and strike the Transfer Deed from public record; or (c) pursuant to Bankruptcy Code Sections 550 and 551, recovering from the Defendant an amount as yet undetermined, but in no event less than $1,500,000, plus appropriate interest thereon;

6. On the sixth claim for relief, pursuant to Section 544 of the Bankruptcy Code: (a) avoiding the Transfer pursuant to New York Debtor and Creditor Law § 276; and (b) directing the County Clerk or the City Register to record

      the Order of this Court and strike the Transfer Deed from public record; or (c) pursuant to Bankruptcy Code Sections 550 and 551, recovering from the Defendant an amount as yet undetermined, but in no event less than $1,500,000, plus appropriate interest thereon;

7. On the seventh claim for relief, a judgment against the Defendant, pursuant to Section 544 of the Bankruptcy Code and § 276-a of New York Debtor and Creditor Law, for reasonable attorneys' fees in an amount to be determined by the Court in connection with the prosecution of this Adversary Proceeding;

8. On the eighth claim for relief, a judgment determining that the Defendant are liable for damages for unjust enrichment, in an amount as yet undetermined, but in no event less than $1,500,000, plus interest thereon; and

9. On the ninth claim for relief, pursuant to Sections 541 and 542 of the Bankruptcy Code: (a) directing the Defendant to immediately turn over the Transfer, in an amount as yet undetermined, but in no event less than $1,500,000, plus appropriate interest thereon; or (b) granting a money judgment against the Defendant, in an amount as yet undetermined, but in no event less than $1,500,000plus appropriate interest thereon.

Dated: January 9, 2019
      Wantagh, New York

                              **LaMonica Herbst & Maniscalco, LLP**
                              *Proposed Counsel to the Plaintiff*

                    By:    ***s/ Jordan Pilevsky***
                            Jordan Pilevsky, Esq.
                            A Partner of the Firm
                            3305 Jerusalem Avenue, Suite 201
                            Wantagh, New York 11793
                            (516) 826-6500

*M:\Documents\Company\Cases\Bhupsingh, Sadna\Adv Pro\Complaint.doc*